## CLEVELAND (city) v AMATO

Ohio Appeals; 8th Dist, Cuyahoga Co
No 10820. Decided Oct. 13, 1930

Harold H. Burton, Director of Law, Cleveland, for city.

Lombardo & LoPresti, Cleveland, for Amato.

Judges CROW and JUSTICE (3rd Dist) and MAUCK (5th Dist) sitting

JUSTICE, J.

It is the contention of counsel for defendant, the plaintiff in error here, that the foregoing facts do not tend to establish any negligence on the part of the defendant and that therefore defedant's motion for a directed verdict at the close of all the evidence was well taken and should have been sustained by the trial court and that its failure to so do constitutes reversible error.

Manifestly, the contention of counsel for defendant is sound and must be upheld by us unless the facts above set forth are such as to permit or require an application of the rule of res ipsa loquitur.

In **St. Mary's Gas Co. vs Brodbeck, 114 Oh St 423,** Marshall, C. J., speaking for the court, at page 432, said:

"In order to give rise to the application of the doctrine of res ipsa loquitur, the circumstances must be such that, in the usual course of the relations between the parties, and of the particular business transactions between them when conducted in a prudent manner, the accident would not have happened and it must further appear that the cause and the means of explaining it are within the more immediate control of the defendant."

On page 433 the Chief Justice further said:

"It is a rule of evidence which permits or requires the inference of negligence where an accident occurs under circumstances where in the ordinary course of events such accidents do not occur."

In **Glowacki vs Railway & Power Co., 116 Oh St 451,** the following pronouncement was made:

"The rule of res ipsa loquitur is not a substantive rule of law. It is rather a rule of evidence which permits the jury, but not the court in a jury trial, to draw an inference of negligence where the instrumentality causing the injury is under the exclusive management and control of one of the parties and an accident occurs under circumstances where in the ordinary course of events it would not occur when ordinary care is observed. It is an evidential inference, not controlling upon the jury, but to be considered by the jury under proper instructions."

Applying the rule above stated, to the facts in this case, it occurs to us that the

proposition advanced by counsel for defendant is not tenable for the reason that an inference of negligence on the part of defedant is clearly deducible from said evidentiary facts. True, this inference is not conclusive. It is rebuttable but with such an inference before the court and jury it was the duty of the trial court to submit the case to the jury under proper instructions. If the trial court had done otherwise it would have, beyond question, invaded the province of the jury.

Obviously, our conclusion is that the verdict and judgment entered thereon are sustained by some evidence.

It seems proper to say in passing, especially in view of the record, that counsel for defendant has not invited our attention, either in argument or by brief, to any claim of error except as aforesaid, hence none other than that claim of error has been considered. **11248 GC.**

Holding these views it follows that the judgment of the common pleas court should be affirmed.

Crow, J, concurs in judgment. Mauck, J, dissents.